**INDIANA UNIVERSITY MEDICAL CENTER, RILEY HOSPITAL FOR CHILDREN, Appellant–Defendant,**

v.

**Brenda LOGAN, Mother and Natural Guardian of Jordan Davis, a Minor, Appellee–Plaintiff.**

No. 49S02–0003–CV–220.

Supreme Court of Indiana.

May 26, 2000.

---

David J. Mallon, Jr., Jennifer M. Weflen, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorneys for Appellant.

John D. Raikos, Indianapolis, Indiana, D. Charles Gantz, Gantz & Associates, Greenwood, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

RUCKER, Justice

### Case Summary

Brenda Logan filed a complaint for medical malpractice against Indiana University Medical Center, Riley Hospital for Children (referred to as "Hospital"). The complaint was based on the allegation that Logan's minor son Jordan sustained injures while in Hospital's care. Hospital responded with a motion for summary judgment arguing that its conduct was not the proximate cause of Jordan's injuries. The trial court denied the motion, and Hospital appealed. In a memorandum decision the Court of Appeals reversed, concluding that Logan's response to Hospital's motion was untimely. *Indiana University Medical Center v. Logan,* 718 N.E.2d 1242 (Ind.Ct.App.1999). Having previously granted transfer, we affirm the trial court's denial of Hospital's motion for summary judgment.

### Facts and Procedural History

In March 1991, Logan took her then thirteen-month-old son Jordan to Hospital for treatment of a respiratory disorder. More specifically Jordan suffered from

asthma and was having difficulty breathing. A treating physician ordered that Jordan receive certain medication intravenously.[1] After an initial infusion, the medication was apparently administered for nearly two hours in a dosage much greater than ordered. In short, Jordan was overdosed. Logan contends that immediately thereafter Jordan exhibited nervousness, restlessness, insomnia, muscle twitching, reflex hyper-excitability, behavioral disturbances and confusion.

Logan filed a proposed complaint against Hospital with the Indiana Department of Insurance. The complaint alleged negligence in Hospital administering an overdose of medication and contended that as a result Jordan suffers neurological damage and impairment. On February 23, 1996, a medical review panel rendered a unanimous opinion concluding that Hospital "failed to comply with the appropriate standard of care as charged in the complaint. . . ." R. at 66. The panel also concluded however "the conduct complained of was not a factor of the resultant damages." R. at 67. Thereafter Logan filed a complaint in the Marion Superior Court setting forth the same allegations as those in her proposed complaint. On January 30, 1998, Hospital filed a motion for summary judgment contending its conduct was not the proximate cause of Jordan's injuries. Hospital submitted a memorandum, a certified copy of the panel opinion, and the affidavit of Dr. David Dunn who stated that the overdose of medication did not cause Jordan's alleged injuries. The trial court set a hearing date of May 4, 1998. The trial court also granted Logan an extension of time until April 15, 1998, to respond to Hospital's summary judgment motion.

On the response deadline date, Logan filed her own affidavit in opposition to summary judgment which included twelve attached exhibits. Without seeking fur-

---

1. In her brief Logan identifies the medication as "Theophylline." In her complaint she identified the medication as "Aminophylline."

In its submissions to the trial court Hospital referred to the medication as "Aminophylline (also known as Theophylline)."

ther extensions of time, Logan filed additional exhibits and a memorandum in opposition on May 4, 1998, the day of the hearing, as well as May 21 and August 10, 1998. Hospital moved to strike all filings on grounds that they were either untimely or otherwise inadmissible. The trial court denied all of Hospital's motions to strike with the exception of one non-expert affidavit. The trial court also denied Hospital's motion for summary judgment. Hospital then pursued an interlocutory appeal. The Court of Appeals reversed and remanded with instructions to enter summary judgment in Hospital's favor, ruling that with the exception of Logan's own affidavit, all memorandums and exhibits Logan filed were either untimely or inadmissible and should have been stricken. The Court of Appeals then concluded that because there was no expert evidence contradicting the medical review panel's finding of no causation, Hospital was entitled to summary judgment as a matter of law. Thereafter, we granted Logan's Petition for Transfer.

## Discussion and Decision

 When reviewing a grant or denial of summary judgment our well-settled standard of review is the same as it is for the trial court: whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. *Landmark Health Care Assoc., L.P. v. Bradbury*, 671 N.E.2d 113, 116 (Ind.1996). Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. T.R. 56(C); *Blake v. Calumet Const. Corp.*, 674 N.E.2d 167, 169 (Ind.1996). All evidence

must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Tibbs v. Huber, Hunt & Nichols, Inc.*, 668 N.E.2d 248, 249 (Ind. 1996).

 First, we agree with the Court of Appeals that the exhibits Logan submitted on April 15, 1998, although timely were inadmissible. The twelve exhibits consisted of uncertified documents and unsworn statements.[2] Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence. *Kronmiller v. Wangberg*, 665 N.E.2d 624, 627 (Ind.Ct.App. 1996). However, the exhibits Logan submitted after the deadline date require a different analysis. It is true that under Rule 56(C) a party opposing summary judgment has thirty (30) days to file a response. Further, when a party fails to file a response within thirty days, the trial court may not consider materials filed thereafter. *Markley Enterprises, Inc. v. Grover*, 716 N.E.2d 559, 563 (Ind.Ct.App. 1999), *Carroll v. Jagoe Homes, Inc.*, 677 N.E.2d 612, 616 n. 1 (Ind.Ct.App.1997); *Seufert v. RWB Medical Income Properties I Ltd. Partnership*, 649 N.E.2d 1070, 1073 (Ind.Ct.App.1995). However, Trial Rule 56(E) provides in pertinent part: "the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or *further affidavits*." (emphasis added). It is within the trial court's discretion to accept an affidavit filed later than the date specified in the rule. *Jordan v. Deery*, 609 N.E.2d 1104, 1109 (Ind.1993); *Winbush v. Memorial Health System, Inc.*, 581 N.E.2d 1239, 1242–43 (Ind.1991); *see also Pekin Ins. Co. v. Charlie Rowe Chevrolet, Inc.*, 556 N.E.2d 1367, 1369 (Ind.Ct.App.1990)

2. Specifically the exhibits included: A) Logan's unsworn submissions to the medical review panel and uncertified medical records; B) an uncertified copy of the opinion of the Medical Review Panel; C) an unsworn letter of Dr. Schramm, a medical doctor who treated Jordan; D) an uncertified laboratory report; E) a newspaper article; F) the unsworn statement of Jordan's grandmother; G) the unsworn statement of Jordan's former babysitter; H) the unsworn statement of a pastor; I) a portion of an article from the internet; J) a second article from the internet; K) an excerpt from *The American Druggist's Complete Family Guide;* and L) uncertified school records.

("[A]ffidavits filed by the movant the day before trial to supplement the original, timely filed affidavits may properly be considered by the trial court.").

 The record shows that Logan timely submitted her own affidavit in response to Hospital's motion for summary judgment. Among other things the affidavit dictated:

> The panel did not have the medical evidence which I provided to my attorney, and was available but not included in my submission to the Panel, which was the written medical opinion of ARTHUR R. SCHRAMM, M.D., on the prior 17th day of January 1995, [a] copy of which is attached hereto as Exhibit "C" pp. 27, 28 and made a part hereof by reference, wherein Doctor Schramm at p. 28 concluded:
>
> > Based on my review of all available records, the only stressor identified which could be associated with causation of the clinical problems is the theophylline overdose.

R. at 87. As the Court of Appeals correctly determined, the attached exhibit containing Dr. Schramm's opinion was inadmissible because it was not sworn. An unsworn letter from an expert may not be considered in summary judgment proceedings. *Johnston v. State Farm Mut. Auto. Ins. Co.*, 667 N.E.2d 802, 806 (Ind.Ct.App. 1996). However it is nonetheless the case that Logan's affidavit refers to Dr. Schramm and the fact that he had an opinion concerning Jordan's care. Logan's submissions on May 21, 1998, included a properly verified affidavit of Dr. Schramm that dictated in pertinent part:

> It is my opinion based upon a reasonable degree of medical certainty, that the medical care and treatment rendered to Jordan Davis by UNIVERSITY MEDICAL CENTER, and RILEY HOSPITAL FOR CHILDREN fell below a reasonable standard of care in the theophylline overdose documented in the medical records in the hospitalization of Jordan Davis at Riley Hospital.

> It is my further opinion based upon a reasonable degree of medical certainty that the ultimate medical condition and injuries, received by Jordan Davis between March 4 through March 8, 1991, i.e., massive physiological stress of the theophylline overdose documented by the Hospital Records, is clearly the type of stressor which can precipitate the clinical appearance of the symptoms of the bipolar disorder, and more probably than not was caused by the inappropriate care rendered by the Riley Hospital staff.

R. at 267–68. Dr. Schramm's affidavit expands on the reference to him and his opinion found in Logan's own timely filed affidavit. We therefore view the Dr. Schramm affidavit as merely a supplement to Logan's affidavit. *See* T.R. 56(E). Thus, the question is whether the trial court abused its discretion in considering the late-filed affidavit when ruling on Hospital's motion for summary judgment. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Vernon v. Kroger Co.*, 712 N.E.2d 976, 982 (Ind.1999).

The record here shows that on the date originally scheduled for hearing on Hospital's motion for summary judgment, Hospital filed among other things a motion to strike Logan's affidavit and attached exhibits. The trial court took the motion to strike under advisement, ordered the parties to submit briefs by May 22, and subsequently rescheduled the summary judgment hearing until August 11. It was during this period, more specifically on May 21, that Logan submitted the affidavit of Dr. Schramm. Admitting the affidavit, filed after the deadline date but well before the date of the hearing, was not against the logic and effect of the facts and circumstances before the court. In sum, the trial court did not abuse its discretion. This case has been pending since the filing of Logan's complaint in May 1996. Both

parties have engaged in extensive discovery including depositions, interrogatories, and requests for admissions. Indeed, prior to Hospital's motion for summary judgment, the trial court had conducted a pretrial conference, and this case was scheduled for a four-day jury trial in June 1998. Hospital has neither argued nor demonstrated that the supplemental affidavit works to its prejudice. On the other hand, absent the affidavit there is no issue of material fact concerning the cause of Jordan's injuries.[3] With the affidavit there is such a dispute, and accordingly the trial court properly denied Hospital's motion for summary judgment.

### Conclusion

We vacate the opinion of the Court of Appeals, affirm the trial court's denial of summary judgment, and remand for further proceedings.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

SULLIVAN, J., not participating.

---

**3.** It has been held that expert opinion is usually required to establish a causal connection between the acts or omissions of the physician and the injury to the patient. *Bowman v. Beghin,* 713 N.E.2d 913, 917 (Ind.Ct.App. 1999); *Daub v. Daub,* 629 N.E.2d 873, 878 (Ind.Ct.App.1994); *see also Cahoon v. Cummings,* 715 N.E.2d 1, 17 (Ind.Ct.App.1999) (declaring, "It is well settled that in a medical negligence claim, the plaintiff must prove by expert testimony not only that the defendant was negligent, but also that the defendant's negligence proximately caused the plaintiff's injury."), *reh'g. denied,* (quoting *Schaffer v. Roberts,* 650 N.E.2d 341, 342 (Ind.Ct.App. 1995)). This court has never addressed the precise issue of whether a "causation" expert is required in a medical negligence case. Here however, Logan's affidavit absent the improperly attached exhibits does not mention causation. Thus, even if expert testimony is not required on this point, without the Dr. Schramm affidavit Logan presented no issue of material fact on the question of causation.