## FOR PUBLICATION



**FILED**

Aug 29 2012, 9:37 am

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID L. TAYLOR**
Taylor Law Firm
Brownsburg, Indiana

ATTORNEY FOR APPELLEES:

**MARK K. DUDLEY**
Howard Deley & Dudley, LLP
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

AUTO-OWNERS INSURANCE COMPANY, )
                                             )
    Appellant-Plaintiff, )
                                             )
          vs. )     No. 18A02-1112-PL-1087
                                           )
BILL GADDIS CHRYSLER DODGE, INC., )
GARRETT GADDIS, and EDWARD FOSTER, )
                                             )
    Appellees-Defendants. )

### APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Richard A. Dailey, Judge
Cause No. 18C02-1005-PL-11

**August 29, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Auto-Owners Insurance Company ("Auto-Owners") appeals the trial court's denial of its motion for summary judgment in this declaratory judgment action. Auto-Owners presents three issues for our review, which we consolidate and restate as:

1. Whether the trial court abused its discretion when it denied Auto-Owners' motions to strike the memorandum and designated evidence submitted by Edward Foster in opposition to Auto-Owners' summary judgment motion.

2. Whether the trial court erred when it denied Auto-Owners' summary judgment motion.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 15, 2008, Garrett Gaddis ("Garrett"), who was eighteen years old and living with his father, signed a sales contract for the purchase of a 1996 Honda Accord ("the car") from Bill Gaddis Dodge ("the dealership"). Bill Gaddis ("Bill"), Garrett's grandfather, owned the dealership, and Scott Gaddis ("Scott"), Garrett's father, was a salesman at the dealership at the time. Garrett did not pay any money to the dealership for the car. Instead, Garrett gave Scott approximately $300 in cash for the car, and Scott "charged" the car to an account he had with the dealership, with the $535 sales price to be deducted from Scott's salary or bonus income at a later date. See Appellant's App. at 999. Thereafter, the dealership did not transfer title to the car in Garrett's name, and Garrett did not register or insure the car. The car displayed a temporary dealer license plate.

2

Sometime in late January, Scott punished Garrett by taking the car keys from him and prohibiting Garrett from driving the car. But on January 29, Garrett stole the keys and drove the car to a friend's house. Later, while on his way home, Garrett struck a man, Edward Foster, who was riding a bicycle in the street. Garrett initially stopped, but then fled the scene. He subsequently turned himself into police.

Foster filed a complaint against Garrett alleging that his negligence caused Foster's injuries. Auto-Owners, which had issued both a commercial liability policy and a garage liability policy to the dealership, hired defense counsel to defend Garrett under a reservation of rights. Auto-Owners moved for declaratory judgment asking the court to determine that there is no liability coverage for Foster's injuries under either of the dealership's policies.

On March 25, 2011, Auto-Owners moved for summary judgment in the declaratory judgment action. The trial court ordered that all designations of evidence and memoranda were due on or before April 22[1] and scheduled a hearing on the summary judgment motion for May 4. On April 26, Foster filed a motion for extension of time to respond to Auto-Owners' summary judgment motion, and the trial court granted that motion, extending the deadline for a response to May 27. On May 26, Foster filed a memorandum in opposition to summary judgment and designation of evidence.

Auto-Owners filed a reply brief in support of summary judgment, as well as two motions to strike: a motion to strike "untimely filed evidence" by Foster and a motion to strike certain exhibits designated as evidence by Foster in opposition to summary

---

[1] The record does not reveal why the trial court shortened the deadline to respond. Indiana Trial Rule 56(C) provides that adverse parties shall have thirty days "after service of the motion to serve a response and any opposing affidavits."

3

judgment. Appellant's App. at 1248. In support of the first motion to strike, Auto-Owners pointed out that the trial court had set the deadline for responses to its summary judgment motion for April 22, and Foster did not move for an extension of time or otherwise respond until after that deadline had expired. In support of the second motion to strike, Auto-Owners maintained that the challenged exhibits were "not properly certified nor authenticated[.]" Id. at 1166. Following a hearing, the trial court denied Auto-Owners' motions to strike and summary judgment motion. In its order denying summary judgment in favor of Auto-Owners, the trial court stated in relevant part:

> There are material questions of fact as to ownership, possession, and control of the subject vehicle, as to whether a sale actually took place or the vehicle for all intents and purposes remained a part of the dealership fleet of Bill Gaddis Chrysler Dodge, Inc., whether Garrett Gaddis, as a Gaddis family member, was a garage customer or otherwise entitled to coverage under [the dealership]'s policy, and, ultimately, whether the vehicle was at all times pertinent herein deemed a part of the business of Bill Gaddis Chrysler Dodge, Inc.

Id. at 8. This discretionary interlocutory appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Motions to Strike

Auto-Owners contends that the trial court abused its discretion when it denied its two motions to strike. A trial court has broad discretion in granting or denying a motion to strike. Coleman v. Charles Court, LLC, 797 N.E.2d 775, 786 (Ind. Ct. App. 2003). The trial court's decision will not be reversed unless prejudicial error is clearly shown. Id.

4

## Timeliness

Auto-Owners first contends that Foster's request for an extension of time to file a response in opposition to summary judgment was untimely. Accordingly, Auto-Owners maintains that the trial court erred when it granted the motion for extension of time. We cannot agree.

Indiana Trial Rule 56(C) provides in relevant part that an adverse party shall have thirty days after service of a summary judgment motion to serve a response and any opposing affidavits. And Indiana Trial Rule 56(I) provides that a trial court has discretion, for cause found, to alter "any time limit set forth in this rule upon motion made within the applicable time limit." (Emphasis added). Here, Auto-Owners maintains that, because the trial court shortened the deadline for Foster's response from thirty days to twenty-eight days, Foster was required to move for an extension of time or otherwise reply to the motion by April 22.

But the record does not support the application of Trial Rule 56(I). There is nothing in the record indicating either that the trial court found cause or that a motion was made, as required under Trial Rule 56(I), to shorten the thirty-day time limit to twenty-eight days. Thus, the shortened time limit was a procedural nullity and the thirty days allowed by Trial Rule 56(C) controlled. Auto-Owners has not shown that the trial court erred when it concluded, in effect, that Foster's motion for extension of time was timely under Trial Rule 56(C).

After the trial court granted Foster's motion for extension of time, Foster timely filed his response in opposition to motion for summary judgment and designation of

5

evidence. Foster's response was timely under Trial Rule 56(C) and Trial Rule 56(E), which grants an extra three days to respond where a notice or paper is served upon the party by mail. There was no error and no prejudice, and, thus, the trial court did not abuse its discretion when it denied Auto-Owners' motion to strike Foster's response as untimely.

## Authentication of Designated Evidence

Auto-Owners next contends that the trial court abused its discretion when it denied its motion to strike certain evidence designated by Foster in opposition to summary judgment. Auto-Owners maintains that four of the exhibits Foster designated as evidence in his response in opposition to summary judgment were "not certified nor properly authenticated" and were not, therefore, properly designated evidence. Brief of Appellant at 22. While we agree with Auto-Owners that the four challenged exhibits were not properly designated evidence, Auto-Owners has not shown prejudicial error as a result of the trial court's denial of its motion to strike the exhibits.

Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence. Indiana Univ. Med. Ctr. v. Logan, 728 N.E.2d 855, 858 (Ind. 2000). Here, in opposition to summary judgment, Foster designated as evidence fifteen exhibits. Four of those exhibits, when initially submitted to the court on May 26, were neither certified nor properly authenticated. Those exhibits included: Garrett's bank records (Exhibit 8); Garrett's employment records with Papa John's (Exhibit 12); and copies of pages printed from a Bureau of Motor Vehicles website (Exhibits 14 and 15). Auto-Owners moved to strike those unauthenticated and uncertified exhibits. And on June 22, Foster filed a

6

response to the motion to strike and submitted affidavits in an attempt to authenticate the four challenged exhibits.

Trial Rule 56(E) provides in pertinent part: "[T]he court may permit <u>affidavits</u> to be supplemented or opposed by depositions, answers to interrogatories, <u>or further</u> <u>affidavits</u>." (Emphases added). Here, Foster's response in opposition to summary judgment and designated evidence were due May 27, and Foster submitted those documents on May 26. His attempt to certify and authenticate the four challenged exhibits with affidavits on June 22 was untimely. Trial Rule 56(E) permits only affidavits, not other designated evidence, to be supplemented after the deadline for submission of designated evidence. We hold that the trial court should have stricken those late-filed affidavits.

However, as we discuss below, the other eleven exhibits Foster designated as evidence in opposition to summary judgment are sufficient to establish genuine issues of material fact precluding summary judgment. Accordingly, Auto-Owners has not shown that it was prejudiced by the trial court's denial of its motion to strike the four unauthenticated exhibits. See <u>Coleman</u>, 797 N.E.2d at 786.

### Issue Two: Summary Judgment

Auto-Owners contends that the trial court erred when it denied its summary judgment motion. Our standard of review for summary judgment appeals is well established:

> When reviewing a grant [or denial] of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving

7

party is entitled to a judgment as a matter of law." In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted). The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009). Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo. Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

While we are not bound by the trial court's findings and conclusions and give them no deference, they aid our review by providing the reasons for the trial court's decision. See GDC Envtl. Servs. Inc. v. Ransbottom Landfill, 740 N.E.2d 1254, 1257 (Ind. Ct. App. 2000). Here, again, the trial court found:

[t]here are material questions of fact as to ownership, possession, and control of the subject vehicle, as to whether a sale actually took place or the vehicle for all intents and purposes remained a part of the dealership fleet of Bill Gaddis Chrysler Dodge, Inc., whether Garrett Gaddis, as a Gaddis family member, was a garage customer or otherwise entitled to coverage under [the dealership]'s policy, and, ultimately, whether the vehicle was at all times pertinent herein deemed a part of the business of Bill Gaddis Chrysler Dodge, Inc.

Appellant's App. at 8 (emphases added). We agree with the trial court that summary judgment is precluded by genuine issues of material fact regarding ownership of the car

8

and whether Garrett is an insured under the Auto-Owners garage liability policy. We address each issue in turn.

### Ownership of the Car

Auto-Owners maintains that the undisputed designated evidence proves that Garrett owned the car, not the dealership. Accordingly, Auto-Owners contends that the car was not covered by the dealership's garage liability policy at the time of the accident with Foster.[2] In support of that contention, Auto-Owners directs us to various portions of its designated evidence showing that Garrett owned the car at the time of the accident.

But Auto-Owners' designated evidence[3] also supports a reasonable inference that the dealership owned the car at the time of the accident. In particular, the designated evidence shows that: the dealership did not transfer title to the car to Garrett prior to the accident; Garrett "actually never paid for the car," but it had been "charged" to Scott's account with the dealership; Garrett had previously driven a car owned by the dealership when he worked for Papa John's delivering pizzas; and Garrett had neither registered the car nor purchased insurance at the time of the accident. Appellant's App. at 999. Moreover, the undisputed designated evidence shows that, after the accident, the dealership sold the car at auction, the proceeds from that sale were used to credit Scott's account with the dealership for the cost of the car, and the excess proceeds from that sale

---

[2] The parties agree that there is no coverage available under the commercial liability policy. The dispute, then, involves only the garage liability policy.

[3] In opposition to summary judgment, Foster designated several portions of exhibits previously designated by Auto-Owners in support of its summary judgment motion.

9

were not paid to Garrett.[4]

We hold that the designated evidence creates a genuine issue of material fact regarding ownership of the car. The fact that the dealership sold the car without paying Garrett the excess proceeds from the sale, without more, supports a reasonable inference that the dealership owned the car at the time of the accident. While a trier of fact may ultimately conclude otherwise, this question of fact precludes summary judgment.

**Insured**

Auto-Owners also maintains that Garrett is not an insured under the terms of the dealership's garage liability policy. The relevant provision in that policy states as follows:

> SECTION III – WHO IS AN INSURED
> * * *
> B. With respect to any auto or farm implement as described under SECTION II – COVERAGE, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. COVERAGE, B. Bodily Injury And Property Damage Liability (Auto) only:
> 1. You.
> 2. Your garage customers.
> 3. Any other person or organization using an auto or farm implement with your permission. . . .

Appellant's App. at 300-01 (emphases added). The parties agree that Garrett was not a "garage customer." The only dispute is whether Garrett was "any other person" using an auto "with [the dealership's] permission." See id. In other words, the question presented is whether Garrett was a permissive user under the garage liability policy. See State Farm Mutual Automobile Ins. Co. v. Gonterman, 637 N.E.2d 811, 814 (Ind. Ct. App. 1994).

---

[4] According to the bill of sale, Garrett paid $535 for the car, and, following the accident, the car sold at auction for $1,465.

10

In support of its contention that Garrett was using the car without the dealership's permission at the time of the accident, Auto-Owners relies on designated evidence showing that Scott had taken the car keys away from Garrett and prohibited him from using the car on the date of the accident. Indeed, Garrett testified to that effect and admitted having stolen the keys from his father to gain access to the car. But that evidence, which indicates that Garrett did not have Scott's permission to drive the car, has no bearing on the question of whether the dealership had given Garrett permission to drive the car.

Indeed, in its memorandum in support of summary judgment, Auto-Owners argued that the dealership "placed no restrictions on the use of [the car] after it had been sold to Garrett Gaddis." Id. at 347. Auto-Owners argued further, "[a]ny restrictions placed on the use of the [car] were decided by Garrett Gaddis or Garrett's father, Scott Gaddis." Id. at 347-48. Without evidence that Scott was acting on behalf of the dealership when he took the car keys away from Garrett, we cannot say that the issue of permission has been resolved as a matter of law. We hold that there is a genuine issue of material fact regarding whether Garrett operated the car with the dealership's permission at the time of the accident and whether Garrett was, then, an insured under the garage liability policy.

**Conclusion**

We hold that the trial court did not err when it granted Foster's motion for extension of time, which was timely filed under Trial Rule 56(C). Accordingly, we cannot say that the trial court abused its discretion when it denied Auto-Owners' motion

11

to strike Foster's response. And while the trial court should have stricken the four challenged exhibits Foster submitted as designated evidence, Auto-Owners has not shown prejudice in that the other eleven exhibits are sufficient to establish a genuine issue of material fact. Finally, we agree with the trial court that there exist genuine issues of material fact whether Garrett owned the car and whether Garrett was an insured under the garage liability policy. The trial court did not err when it denied Auto-Owners' summary judgment motion.

Affirmed.

KIRSCH, J., and MAY, J., concur.