## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 10 2019, 6:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Mark E. GiaQuinta
Sarah L. Schreiber
Haller & Colvin, P.C.
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE
MC EQUIPMENT, INC.,
D/B/A W.A. JONES & SON

Robert B. Sutherland
Richfield, Ohio

ATTORNEY FOR APPELLEE FIRST
VEHICLE SERVICES, INC.

Joseph B. Moore III
Patton & Ryan LLC
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

Lafayette Jordan and
Mecca Abdullah-Jordan,

*Appellants-Plaintiffs,*

v.

First Vehicle Services, Inc., and
MC Equipment, Inc.,
d/b/a W.A. Jones & Son,

*Appellees-Defendants*

January 10, 2019

Court of Appeals Case No.
18A-CT-922

Appeal from the Allen Superior
Court

The Honorable Nancy Eshcoff
Boyer, Judge

Trial Court Cause No.
02D01-1511-CT-476

**Baker, Judge.**

Lafayette Jordan and Mecca Abdullah-Jordan[1] appeal the trial court's order granting summary judgment in favor of MC Equipment, Inc., d/b/a W.A. Jones & Son ("W.A. Jones"), on the Jordans' complaint. The trial court found as a matter of law that the ten-year statute of repose protects W.A. Jones from liability. Finding that there is a genuine issue of material fact rendering summary judgment improper, we reverse and remand for further proceedings.

## Facts

Jordan is an employee of the City of Fort Wayne (the City). On October 26, 2015, he was performing work associated with leaf pickup. Among other things, Jordan was required to ascend and descend a ladder attached to the City truck on which he was working. At some point, while Jordan was climbing the ladder, it detached from the truck, causing Jordan to fall to the ground. He sustained serious injuries, including lacerations, a torn ligament, an orbital fracture, and detached retinas requiring surgery. Jordan continues to experience back and shoulder pain, frequent headaches, and facial numbness.

The timeline of the City's ordering of and work on the truck is in dispute. At some point in 2004, the City sought bids for work on seven or eight vehicles, including the truck that was involved in Jordan's accident. On December 7,

---

[1] Neither the parties' briefs nor the record on appeal reveal the relationship between Jordan and Abdullah-Jordan. Abdullah-Jordan does not have direct involvement with the incident relating to the appeal.

2004, W.A. Jones won the bid to perform the work. Among other things, W.A. Jones was hired to mount the dump body, the hydraulic system, the underbody plow, and the front plow hitch. The work performed by W.A. Jones likely occurred in July 2005. After this work was finished, W.A. Jones returned the truck to the City in late July or early August 2005.

[4] The Jordans contend that this original work did not include installation of leaf equipment, including the ladder that detached years later. City Fleet Management Director Larry Campbell attested that leaf season occurs at a different time of year than when the work was performed on the truck and that when the City procures a new truck, a leaf ladder is mounted on the truck at a later time, closer to leaf season. Indeed, Campbell noted that the City would not want its trucks made leaf ready before leaf season because during the summer months, including August, September, and early October, the trucks are normally used for chip and seal or haul, or are not used at all. Appellant's App. Vol. II p. 106-08.

[5] Therefore, possibly at some point in October 2005, the City returned the truck to W.A. Jones for installation of the leaf equipment, including the ladder. The invoice for the installation of the leaf equipment is originally dated August 11, 2005, but it was faxed on October 26, 2005, and paid on October 27, 2005. The work order references the installation of leaf equipment and has a "date in" of October 26, 2005, and a "date out" of October 27, 2005. The work order was created when the invoice was received—on October 26, 2005. Campbell attested that the work order is consistent with the leaf equipment being installed

on October 26, 2005. *Id.* at 112. He explained that the August 2005 invoice could have been issued before the work was completed and then re-issued later when the work was actually completed.

[6] On November 13, 2015, the Jordans filed a complaint against W.A. Jones and First Vehicle Services, Inc. (FVS). W.A. Jones filed a motion for summary judgment on November 30, 2016, arguing that the statute of repose had run before Jordan sustained his injuries. Following briefing and argument, on December 21, 2017, the trial court granted summary judgment in favor of W.A. Jones. In pertinent part, the trial court found that the truck was delivered, with leaf equipment installed, to the City on August 11, 2005, meaning that the ten-year statute of repose prevents the Jordans from recovering against W.A. Jones. The Jordans now bring this interlocutory appeal.[2]

## Discussion and Decision

[7] The Jordans argue that the trial court erroneously granted summary judgment in favor of W.A. Jones. Our standard of review on summary judgment is well settled:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012).

---

[2] There is a related, but separate, appeal pending under Cause Number 18A-CT-2585. In that case, FVS is the appellant and the other parties, including the Jordans and W.A. Jones, are the appellees. Briefing has not yet been completed in that cause, which this Court will consider at a later date.

> Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[8] The Jordans maintain that the date on which the installation of the leaf equipment occurred is a genuine issue of material fact rendering this case unsuitable for summary judgment. If the leaf equipment was installed and delivered before October 26, 2005, then the statute of repose protects W.A. Jones from liability, but if it was installed and delivered on or after that date, then W.A. Jones is not protected. Ind. Code § 34-20-3-1 (providing that a product liability action based on negligence or strict liability must be commenced within ten years after the delivery of the product to the initial user or consumer).

[9] The trial court found that the leaf equipment was installed on August 11, 2005. In broad strokes, the evidence supporting this conclusion is as follows:

- The invoice for the installation of the leaf equipment is dated August 11, 2005.

- W.A. Jones does not normally install the leaf season equipment for City trucks, meaning that the installation was not in the ordinary course of business, undercutting some of the assertions below.
- Denny McIntyre, W.A. Jones's sales manager, attested that W.A. Jones returned the trucks to the City on August 11, 2005, and performed no more work on City trucks that year.
- Jack Garrison, a manager of FVS, attested that the "date in" is when a work order is electronically generated, which can occur for a number of reasons, including receipt of a written work request, receipt of an invoice from an outside vendor, or when the vehicle is sublet. "Date out" illustrates the date the work order is closed. He believes that the work order at issue was created to document the receipt of an invoice from W.A. Jones rather than the date of work performed.

And in other broad strokes, the evidence supporting a conclusion that the installation of the leaf equipment occurred on October 26 or 27, 2005, is as follows:

- The invoice, while dated August 11, 2005, was faxed on October 26 and paid on October 27, 2005.
- The work order has a "date in" of October 26 and a "date out" of October 27.
- Robert Kennedy, the Chairman of the City's Board of Public Works, attested that in the ordinary course of business, leaf season equipment is installed onto the City's trucks in October of each year, that it would be contrary to the ordinary course of business for leaf season equipment to be installed before October, and that he does not recall leaf season equipment ever being installed onto a City truck before October.
- Campbell attested that the work order is consistent with the leaf equipment being installed on October 26, the invoice being faxed on the same day, and the payment being approved on October 27, 2005.
- Garrison attested that leaf ladders are not attached to the City's trucks unless the vehicles are being used for leaf collection, and that often the installation does not occur until one to two weeks after leaf season

begins. He stated that the fact that the invoice was dated August 11, 2005, "doesn't mean anything." Appellants' App. Vol. II p. 131.

[10] Our Supreme Court has quite explicitly cautioned that "[a]s long as competent evidence has been designated in response to a summary judgment motion, . . . 'weighing [the evidence]—no matter how decisively the scales may seem to tip—[is] a matter for trial, not summary judgment.'" *Stafford v. Szymanowski*, 31 N.E.3d 959, 963 (quoting *Hughley v. State*, 15 N.E.3d 1000, 1005-06 (Ind. 2014)). Here, there is competent evidence supporting both parties' arguments regarding the date of installation of the leaf equipment, and to reach a decision at this stage requires weighing the evidence. Therefore, we can only find that there is a genuine issue of material fact rendering summary judgment in favor of W.A. Jones improper.[3]

[11] The judgment of the trial court is reversed and remanded for further proceedings.

May, J., and Tavitas, J., concur.

---

[3] W.A. Jones accurately notes that the trial court struck a portion of Campbell's affidavit. We need not, and do not, rely on the material that was struck to find that there remains evidence supporting the Jordans' argument about the date of installation of the leaf equipment.