

IN THE

# Court of Appeals of Indiana

Automotive Finance Corporation,

*Appellant-Plaintiff,*



FILED

Jun 13 2024, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Xiaoqiao Yang,

*Appellee-Defendant.*

June 13, 2024

Court of Appeals Case No.
23A-CC-2692

Appeal from the
Marion Superior Court

The Honorable
Cynthia J. Ayers, Judge

Trial Court Cause No.
49D04-2009-CC-33233

**Opinion by Senior Judge Shepard**
Judge Kenworthy concurs. Judge Pyle dissents.

**Shepard, Senior Judge.**

[1] Automotive Finance Corporation d/b/a AFC Automotive Finance Corporation d/b/a AFC (AFC) obtained a money judgment against Xiaoqiao Yang (Yang) as personal co-guarantor of a promissory note that was in default. Ultimately, Yang filed a motion for relief from judgment under Trial Rule 60(B)(3), which the court granted. AFC appeals from the court's order granting Yang relief. We reverse and remand.

## Facts and Procedural History

[2] AFC provided floorplan financing to Monmars Automative Group LLC d/b/a Monmars Auto Club (Monmars) for use in its automobile sales business. Monmars and Golden Dart Holdings LLC, by managers/members Meng Liu, Ning Ao, and Yang, entered into a Demand Promissory Note and Security Agreement (Contract) with AFC memorializing that financing on September 25, 2018. The signatures on the Contract were witnessed and notarized by Desire Gideons.

[3] After Monmars defaulted on its payments under the Contract, AFC filed a complaint against Monmars and its co-guarantors Golden Dart, Liu, Ao, and

Yang on September 24, 2020. Yang and Liu,[1] pro se, contested their liability based on Ao's alleged fraud. On October 15, both Liu and Ao filed unverified letters with the court. In her letter, Liu argued in the alternative that either: (1) Yang and Liu did not sign the Contract with AFC; or (2) they signed the Contract but without their knowledge or understanding of the financial consequences. Ao's unverified letter claimed that Yang and Liu were "not involved in any business with (Monmars), nor have they signed with the AFC." Appellant's App. Vol. II, p. 53.

[4] On December 31, 2020, Yang submitted an unverified letter with the court in which she claimed: (1) Monmars was Ao's company; (2) she "never signed a contract with AFC"; (3) she did not "understand . . . the contract,"; (4) Ao "admitted that he used [Yang's] ID to apply for THE LOAN of AFC"; and (5) Ao "was willing to assume all the debts of AFC." *Id.* at 64.

[5] In March 2022, AFC moved for partial summary judgment and designated two affidavits, authenticating the execution, signing, and notarization of the Contract.

[6] In April 2022, Yang, pro se, filed another unverified letter with the court, disputing her liability and relying on Ao's unverified December 27, 2020 letter.

---

[1] Liu's liability under the Contract was resolved in her favor by a different panel of this Court. *See Auto. Fin. Corp. v. Liu*, 228 N.E.3d 1125 (Ind. Ct. App. 2024). Judge Brown's dissent, which we more fully address in the opinion, would have denied Liu relief because of her failure to properly designate evidence in opposition to summary judgment and her failure to show that fraud prevented her from presenting her case, per Rule 60(B)(3).

*Id.* at 137. Ao's letter contained his purported admission that he "used the driver's license and SSN of [Yang and Liu]" to apply for the loan from AFC, but did not clearly explain to them what they were signing when he helped them sign the Contract. *Id.* at 138. Although Yang submitted these unverified letters to the court, she failed to formally respond to AFC's motion for partial summary judgment or designate evidence in compliance with Trial Rule 56(C).

[7] The court held a hearing on AFC's motion at which Yang and Liu were both present and assisted by an interpreter. The court entered summary judgment, concluding "[t]he designated evidentiary matter shows that there is no genuine issue as to any material fact and the plaintiff is entitled to judgment as a matter of law" on Counts I and II of the complaint. *Id.* at 140. Yang did not appeal the court's partial summary judgment order, which resulted in the money judgment against her.

[8] AFC initiated proceedings supplemental to collect its judgment, and Yang failed to appear at the hearing. A hold that previously was placed on some of Yang's accounts was subsequently lifted as to certain of them. The court later ordered that Yang's accounts that were still subject to the hold be made eligible for a final order; however, the court took the order "under advisement." *Id.* at 158. Yang filed additional unverified letters with the court requesting the release of her bank accounts. In the meantime, Liu's counsel requested a hearing at which all parties appeared, with Yang appearing pro se. The trial court ordered the parties "to file any objection to the underlying entry of Judgment against all Defendants by 5/12/23." *Id.* at 19.

[9] Around a year later, Yang, now represented by Liu's counsel, filed a "Verified Petition To Set Aside Judgment," which was treated as a Trial Rule 60(B) motion. She sought relief from the judgment, reasserting her argument that she "never signed any loan" with AFC, "never received any monetary benefits" from AFC, and believed she was "a victim of fraud perpetrated by Marvin Ao." *Id.* at 197. At a hearing on the motion, Yang testified that she "never signed any document" with AFC, did not receive any funds from AFC, and Ao had testified at a May 3, 2023 hearing that he had "forged [Yang's] name and used other people to forge [Yang's] name as a cosigner on this loan." Tr. Vol. II, p. 12.

[10] AFC's counsel argued against relief, noting Yang's presence and participation in many of the prior hearings, and asserting that Yang failed to timely seek relief from the judgment against her by the court's May 12, 2023 deadline.

[11] The court disagreed with AFC, and its order granting Yang's requested relief concluded in pertinent part as follows:

> At prior hearings, Ning Ao admitted under oath several times that the signatures on the loan application submitted to the AFC purporting to be those of Yang were forged. Yang testified that she had no knowledge of the execution of the note, received no benefits from any monies disbursed by AFC, and that the signatures placed upon loan paperwork were fraudulently obtained by Ning Ao. Ning Ao was not represented by counsel until August 24, 2023. Yang, also, recently retained counsel.
>
> Yang, on her own, submitted at least two letters to the Court outlining her position and her circumstances. One letter was

filed on February 2, 2023, and the other on June 28, 2023. Yang's related motion to set aside a judgment pursuant to Trial Rule 60 is found in subsection B of said motion, specifically Trial Rule 60(B)(3) which lists fraud as a reason to set aside a judgment under Trial Rule 60(B). A motion made under Trial Rule 60(B) is addressed to the equitable discretion of the trial court.

* * * *

Yang had the burden of proving that the Trial Court erred in determining that there were no *genuine issues with material fact to issue a Summary Judgment*. Yang has proven that she had a *meritorious defense* in that she has demonstrated that *fraud against her was committed in this case*.

Appellant's App. Vol. II, p. 26 (emphasis added). The court then ordered the hold on Yang's bank accounts be "dissolved and said monies returned to her in full." *Id.* at 27.

## Discussion and Decision

[12]     As a preliminary matter, we note that Yang has not filed an appellee's brief. "Under that circumstance, we do not undertake to develop the appellee's arguments." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). "Rather, we will reverse upon an appellant's prima facie showing of reversible error." *Id.*

[13]     AFC appeals from the court's order, contending the court mistakenly applied a summary judgment standard of review in reaching its decision. As to that point, it appears to us that the order's phrasing conflates the language and requirements of Rule 56(C) and Rule 60(B). Nonetheless, AFC contends the

court erred by granting Yang relief because the allegation of fraud pertains to the merits of the case and not to any prejudice to her ability to present her case. We agree.

[14] We note that co-defendant Liu's appeal was resolved in her favor in a split decision of this Court. *See Auto. Fin. Corp.*, 228 N.E.3d 1125. Judge Brown's dissent emphasized that Liu had failed to properly respond by timely designating verified evidence, and that her 60(B)(3) motion, though timely filed, alleged fraud pertaining to the merits, and not to any prejudice to her ability to present her case, as required by the Rule. We find force in Judge Brown's dissent and echo her reasoning here.

[15] Pro se litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. In the summary judgment setting, adverse parties are allowed thirty days in which to file a response and any opposing affidavits. Ind. Trial Rule 56(C). "When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *Borsuk v. Town of St. John*, 820 N.E.2d 118, 123 n.5 (Ind. 2005).

[16] It is undisputed that Yang did not properly respond to the motion for summary judgment and did not seek relief from the judgment by May 12, 2023. Indiana

courts have long held that unsworn statements and unverified or uncertified exhibits do not qualify as proper Rule 56 evidence. *487 Broadway Co., LLC v. Robinson*, 147 N.E.3d 347 (Ind. Ct. App. 2020); *see also Ind. Univ. Med. Ctr. v. Logan*, 728 N.E.2d 855, 858 n.2 (Ind. 2000) (noting uncertified documents and unsworn statements, including uncertified medical records, were inadmissible and not proper Rule 56 evidence). Therefore, the court was foreclosed from consideration of Yang's filings, which were neither verified nor properly designated.

[17] As for relief under Rule 60(B)(3), it is an avenue through which courts may grant relief from an otherwise final judgment for fraud, misrepresentation, or other misconduct of an adverse party. *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006). When the fraud provision of Rule 60(B)(3) is applied, the movant is required "to show that fraud prevented the movant from fully and fairly presenting the movant's case." *Id.* at 73. "This showing is required because subsection (b)(3) creates a limited exception to the general rule of finality of judgments." *Id.* "If a party cannot show that fraud, misrepresentation, or misconduct substantially prejudiced the party's presentation of the party's case, a court should not set aside an otherwise final judgment." *Id.* Furthermore, Rule 60(B) motions "address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010) (internal quotations and citations omitted).

Here, it is evident that in her 60(B)(3) motion Yang addressed the merits of proceedings below when arguing that she was the victim of fraud. And she did not show that fraud prejudiced her ability to present her case. Consequently, the court erred by granting Yang the relief requested.

## Conclusion

In light of the foregoing, we reverse the trial court's judgment and remand.

Reversed and remanded.

Kenworthy, J., concurs.
Pyle, J., dissents.

ATTORNEY FOR APPELLANT

Joshua W. Casselman
Rubin & Levin, P.C.
Indianapolis, Indiana